### SNYDER v. FINDLEY.

A false assertion or representation, by which another is induced to con-
tract, is fraudulent, though believed to be true. Where justice has been
done by a verdict, though there has been a misdirection by the judge, a
new trial should not be granted.

This was an action of debt tried at bar in April Term last,
and a verdict for the plaintiff. (See the case fol. 57, *ante.*)

*Leake* had moved for a new trial. The principal points
pressed by him were—

1st. That the court misdirected the jury, in leaving it to
them to fix the time that an assignee may hold the note. He
said it was a question of law, (3 *and* 4 *Ann*,) and cited the
case of *Steinmitz et al.* v. *Currie*, 1 *Dall.* 271.

2d. That Findley's declaration was not fraudulent, as
stated in the charge of the court.

3d. That the insolvency of Harris was no excuse for Sny-
der not giving notice to Findley, and cited the cases of *Rus-
sel* v. *Langstaff, Doug.* 496; *Bickerdicke* v. *Bollman*, 1 *T. R.*
408; *Heylin et al.* v. *Adamson*, 2 *Burr.* 676.

. *Woodruff* and *Stockton* in reply, said that on the question of
laches, McKean, C. J., in Dallas, left it to the jury. [79] That
as to notice, where the drawee is insolvent at the time, none
was necessary. *Goodall et al.* v. *Dolley*, 1 *T. R.* 712. As
to the fraud, if it were so at first it could not be purged by
subsequent laches. *Baugh* v. *Price*, 1 *Wils.* 320. They added
that this was the third trial in the cause. In the case of
*Furneaux* v. *Hutchins, Cowp.* 808, the court refused to
grant a third trial.

The court took a few days, and then discharged the rule
for a new trial.

The Chief Justice said that fraud was defined in the books ;

that one definition of it was *suggestio falsi, aut suppressio veri.*

The justice of the case was with the defendant, and therefore had there even been a misdirection it ought not to be a ground for a new trial. Whoever positively and generally makes a false assertion, as an inducement for another to contract with him, and succeeds on that ground, is guilty of a fraud which vacates the contract. It must be as represented, or it is fraudulent; a man who does so assert ought to suffer— he must answer for the truth. The case of *Sir Crisp Gascoigne* is full to this. I do not say that Findley was guilty of *wilful* dishonesty. It seems from M'Shares' evidence that he might have thought Harris solvent; but he made an assertion of a matter of fact, which the jury have found was false; and then as to the legal operation, his belief of it, one way or the other, is of no consequence; as to negligence, the custom of merchants settles it in Great Britain; there is, however, no such custom here.

Rule discharged.

CITED *in Den* v. *Steelman*, 1 *Harr.* 68; *State* v. *Ferguson*, 2 *Vr.* 107.